UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

Fidanka Pentcheva
_____
*Plaintiff*

v.                                                                                      **COMPLAINT**

                                                                                       **JURY TRIAL DEMANDED**

Nelson, Watson & Associates, LLC, and
John Doe
_____
*Defendant*

Plaintiff, as and for its Complaint against Defendants, states and alleges as follows

### JURISDICTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts occurred here, Plaintiff resides in the herein District, and Defendants transact business here.

### PARTIES

4. Plaintiff Fidanka Pentcheva is a natural person who resides in the City of Anoka, County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Nelson, Watson & Associates, LLC (hereinafter "Nelson") is a foreign limited liability company and a collection agency operating from an address of 80

1

Merrimack Street, Haverhill, Massachusetts, 01830, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe (hereinafter "Doe") is a natural person employed by Defendant Nelson, Watson & Associates, LLC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Doe referred to herself as "Stephanie."

## FACTUAL ALLEGATIONS

7. On or about October, 2003, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, electrical utility services to an apartment leased in Plaintiff's name. The electrical utility provider was Xcel Energy.

8. Sometime on or around November 13, 2008, Plaintiff's alleged debt was cosigned, sold, placed or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

### *First Collection Communication*

9. On November 13, 2008, as part of its collection campaign, Defendant Nelson left an automated voicemail message on Plaintiff's home telephone answering machine stating:

> "This is an important message for Fidanka Pentcheva. Call as soon as possible at 1-800-868-6814. The number here again is 1-800-868-6814."

10. Defendant Nelson's voicemail message on November 13, 2008 was the first notice received by Plaintiff indicating that Plaintiff owed an outstanding balance to creditor Xcel Energy. Plaintiff never received any prior, written or oral notice from

2

Defendant or creditor Xcel Energy regarding an alleged outstanding balance owed to Xcel Energy.

11. Defendant Nelson's voicemail message failed to disclose that the call was from a debt collector in an attempt to collect a debt, and that any information obtained would be used for that purpose.

### *Subsequent Collection Communication*

12. On November 14, 2008, Plaintiff returned Defendant Nelson's voicemail message in an effort to determine the nature of the November 13, 2008 message.

13. Plaintiff's call to Defendant Nelson's office was answered by Defendant Doe. Defendant Doe identified herself as "Stephanie" and proceeded to inquire as to Plaintiff's telephone number and social security number. Defendant Doe used Plaintiff's social security number to locate the alleged account owing to Xcel Energy. Defendant Doe then verified Plaintiff's mailing address.

14. Upon confirming Plaintiff's personal information, Defendant Doe explained to Plaintiff that the telephone message left on November 13, 2008 related to an outstanding balance in the amount of $29.82 owing to Xcel Energy from October, 2003. Plaintiff stated that she was unaware of any alleged outstanding balance, and Defendant Doe explained that Xcel Energy and Defendant Nelson did not send any prior notices to Plaintiff regarding the debt.

15. Plaintiff emigrated from Bulgaria to the United States on September 21, 1999. Since moving to this country, Plaintiff has worked hard to build and maintain a perfect credit history. Plaintiff has always paid her accounts on time, and Plaintiff takes pride in her credit score.

16. Plaintiff asked Defendant Doe if the account had been reported to the credit bureau. Defendant Doe acknowledged that the account had already been reported to the credit bureau. In response, Plaintiff asked Defendant Doe if the reporting would harm her credit, and Defendant Doe stated:

"Your credit is pretty solid, so this will not affect you."

17. Defendant Doe's statement that the mark on Plaintiff's credit report would not affect her was false and misleading.

18. Plaintiff informed Defendant that she had an attorney, and informed Defendant Doe that she needed to speak with her attorney before proceeding with payment. In response, Defendant Doe stated:

"If you talk to your lawyer, it will make things worse."

19. Defendant Doe's statement that Plaintiff's exercise of her rights to meet with her attorney would "make things worse" was false and misleading.

20. During the entire telephone conversation between Plaintiff and Defendant Doe, Defendant Doe failed to inform Plaintiff that the telephone call was from a debt collector in an attempt to collect a debt, and that any information obtained would be used for that purpose.

**FIRST VIOLATION**

21. Defendant Nelson's automated voicemail message to Plaintiff failed to disclose that the call was from a debt collector in an attempt to collect a debt, and that any information obtained would be used for that purpose. Defendant Nelson's failure to disclose said information violates 15 U.S.C. § 1692e(11).

4

## SECOND VIOLATION

22. Defendant Nelson failed to send to Plaintiff the mandatory 30-day validation notice within five (5) days of Defendant Doe's telephone communication with Plaintiff.

23. By failing to provide Plaintiff with the 30-day validation notice, Defendant Nelson violated numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692f, and 1692g.

## THIRD VIOLATION

24. Defendant Doe's statements to Plaintiff that (a) the report of the Xcel Energy account to the credit bureau "would not affect her" and (b) if Plaintiff consulted with her attorney it would "make things worse" were false statements in violation of 15 U.S.C. § 1692e.

## FOURTH VIOLATION

25. Defendant Doe received actual knowledge that Plaintiff was represented by an attorney. As such, Defendant Doe was required to cease further communications with Plaintiff, and speak directly with Plaintiff's attorney.

26. Defendant Doe violated 15 U.S.C. § 1692c(a)(2) by continuing to speak with Plaintiff after receiving notice that Plaintiff was represented by an attorney.

## FIFTH VIOLATION

27. During the telephone conversation on November 14, 2008, Defendant Doe failed to disclose that the call was from a debt collector in an attempt to collect a debt, and that any information obtained would be used for that purpose. Defendant Doe's failure to disclose said information violates 15 U.S.C. § 1692e(11).

## RESPONDEAT SUPERIOR LIABILITY

28. The acts and omissions of Defendant Doe and/or the other collection agents employed by Defendant who communicated with Plaintiff were committed within the time and space limits of their agency relationship with their principal, Defendant.

29. The acts and omissions by Defendant Doe and/or the other collection agents employed by Defendant were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Nelson in collecting consumer debts.

30. By committing these acts and omissions against Plaintiff, Defendant Doe and/or the other collection agents employed by Defendant Nelson were motivated to benefit their principal, Defendant Nelson.

31. Defendant Nelson is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and/or negligent acts, errors and omissions done in violation of state and federal law by its collection agents, including but not limited to violations of the Fair Debt Collection Practices Act and Minnesota law, in their attempts to collect the above-described debt from Plaintiff.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

33. Plaintiff restates and realleges paragraphs 1 through 32 herein.

34. Defendants' foregoing actions in attempting to collect this alleged consumer debt constitute numerous and multiple violations of the FDCPA. As a result, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

4. For an Order, enjoining Defendant, its agents, affiliates, assigns, and entities over which it has control from causing the alleged Xcel Energy charge to be placed upon Plaintiff's credit report, or an Order requiring Defendant Nelson to have removed from Plaintiff's credit report any information related to the alleged Xcel Energy charge; and

5. For such other and further relief as to the Court may deem just and equitable.

**BLACK, MOORE, BUMGARDNER, MAGNUSSEN, LTD.**

Dated: December 8, 2008

s/ James A. Bumgardner
_____
James A. Bumgardner (#256997)
Rhonda J. Magnussen (# 0199084)
First National Financial Center
812 Main Street, Suite 102
Elk River, MN  55330
Telephone:  (763) 441-7040

ATTORNEYS FOR PLAINTIFF